The Honorable N.M. Norton Wright, Lindsey Jennings 200 W. Capitol, Suite 2200 Little Rock, Arkansas 72201-3699
Dear Mr. Norton:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed initiated act to the Arkansas Code:
 POPULAR NAME ARKANSAS IN-STATE TELECOMMUNICATIONS ACCESS CHARGE REFORM ACT BALLOT TITLE AN ACT TO PROVIDE FOR DETERMINATION OF IN-STATE TELECOMMUNICATIONS ACCESS CHARGES AND TO PROVIDE THE BENEFIT OF ANY RESULTING REDUCTIONS OF THOSE ACCESS CHARGES TO CONSUMERS BY REQUIRING THE ARKANSAS PUBLIC SERVICE COMMISSION TO ESTABLISH RATES FOR INTRASTATE SWITCHED ACCESS SERVICES OBSERVED BY INCUMBENT LOCAL EXCHANGE TELEPHONE CARRIERS AT THEIR FORWARD LOOKING ECONOMIC COST OF PROVIDING SUCH SERVICE, INCLUDING A REASONABLE PROFIT, AND REQUIRING ANY RESULTING REDUCTIONS IN CHARGES FOR THESE SERVICES TO BE PASSED ON FOR THE BENEFIT OF CONSUMERS; DEFINING "FORWARD LOOKING ECONOMIC COST" AS THE COST THAT WOULD BE INCURRED BY AN EFFICIENT NEW COMPETITIVE PROVIDER OF LOCAL EXCHANGE AND EXCHANGE ACCESS SERVICE THAT PROVIDES ALL OF THE SERVICE CURRENTLY PROVIDED BY THE INCUMBENT LOCAL EXCHANGE CARRIER; DEFINING "INCUMBENT LOCAL EXCHANGE TELEPHONE CARRIER" IN THE SAME TERMS AS DEFINED IN SECTION 3(16) OF ACT 77 OF 1997, I.E., AS, WITH RESPECT TO A LOCAL EXCHANGE AREA, A LOCAL EXCHANGE CARRIER, INCLUDING SUCCESSORS AND ASSIGNS, THAT IS CERTIFIED BY THE COMMISSION AND WAS PROVIDING BASIC LOCAL EXCHANGE SERVICE ON FEBRUARY 8, 1996; DEFINING "SWITCHED ACCESS SERVICE" IN THE SAME TERMS AS DEFINED IN SECTION 3(23) OF ACT 77 OF 1997, I.E., AS THE PROVISION OF COMMUNICATIONS BETWEEN A CUSTOMER PREMISE AND AN INTEREXCHANGE CARRIER'S POINT OF INTERCONNECTION WITH A LOCAL EXCHANGE CARRIER'S NETWORK FOR THE COMPLETION OF END USER CALLS TO THE PUBLIC SWITCHED NETWORK FOR THE ORIGINATION OR TERMINATION OF INTEREXCHANGE LONG DISTANCE TRAFFIC; REPEALING SECTION 4(E)(4)(D) OF ACT 77 OF 1997 WHICH MAINTAINS INTRASTATE SWITCHED ACCESS CHARGES AT DECEMBER 31, 1996 LEVELS UNTIL, AT LEAST, FEBRUARY 4, 2000, AND THEREAFTER ALLOWS A PHASED-IN REDUCTION OF INTRASTATE SWITCHED ACCESS CHARGES UNTIL SUCH CHARGES ARE EQUIVALENT TO INTERSTATE SWITCHED ACCESS CHARGES AND WHICH PROVIDES THAT INCUMBENT LOCAL EXCHANGE CARRIERS MAY RECOVER ANY RESULTING REVENUE LOSS FROM SUCH PHASED-IN REDUCTION; PROVIDING THAT ALL CONFLICTS BETWEEN THIS PROPOSED ACT AND ACT 77 OF 1997 SHALL BE RESOLVED IN FAVOR OF THIS PROPOSED ACT; AND REQUIRING THE COMMISSION TO ESTABLISH ON OR BEFORE JUNE 1, 1999 THE RATES REQUIRED IN THIS PROPOSED ACT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiated act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposals under the above precepts, I hereby approve the proposed popular name and ballot title as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure